Johnson J.
delivered the opinion of the Court.
The general rule clearly is, that notice is necessary where one party wishes to avail himself of written evidence in possession of the other. The exceptions are, where from the nature of the proceedings, the defendant has notice that the plaintiff means to charge him with the possession of it; as in trover for a bond ; How v. Hall, 14 East, 274. And in an indictment for stealing a promissory note; Leach, 336. Or where the party had fraudulently obtained the. possession of a written instrument belonging to a third person ; Leeds v. Cook, 4 Esp. N. P. C. 256. And it seems also that the Court will permit the contents to be given in evidence, when it appears that the writing is in Court, and the party refuses to produce it; 2 Stark. Ev. 362, note q.
None of the proceedings in this case have any reference to a written agreement, and judging from them, it was impossible the defendant could know, that the plaintiff intended to charge him with the possession of the agreement; or that he even intended to rely upon it in support of his action : nor is it pretended that the defendant had obtained the possession fraudulently ; or that it was in Court on the trial. Parol evidence of its contents was therefore improperly admitted. Motion granted.